IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES R. VASQUEZ, #045993, | § | |
| TDCJ #1599158, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-0585-B  (BK) |
| | § | |
| ROBERT C. DUNN, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons that follow, it is recommended that this action be summarily dismissed with prejudice as frivolous.

**I.  BACKGROUND**

Plaintiff, an inmate incarcerated at the Navarro County Jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against his former defense Attorneys Robert C. Dunn and William Earl Price and Court Reporter Nancy Currie. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. To obtain information about the factual basis of the claims, the Court issued a questionnaire that Plaintiff answered.

In September 2009, a jury convicted Plaintiff of robbery and imposed a fifty-year term of imprisonment in *State v. Vasquez*, No. 32165-CR (13th Jud. Dist. Court, Navarro County, Sep. 17, 2009). (Doc. 7, ans. 2.) Plaintiff timely appealed. However, due to errors and omissions in the reporter's record, the court of appeals abated Plaintiff's appeal three times. *Vasquez v. State*,

No. 10-09-00295-CR (Tex. App.- Waco). In its August 3, 2011, Second Supplemental Abatement Order, the court of appeals abated the appeal for an additional seventy-five days to permit the trial court to hold hearings (1) "to attempt to settle twelve disputed matters" through review of the court reporter's notes and/or tapes, and (2) "to investigate the technical and financial feasibility of utilizing a data format to access [the court reporter's] computer disk." *Id.*, August 2011 Order at 4-5 (available on the court of appeal's website).

The complaint, as supplemented by the answers to the questionnaire, presents claims stemming from the defense attorneys' negligence and misrepresentation before, during, and after Plaintiff's robbery trial, and from the court reporter's negligence in preparing an "incomplete and inaccurate trial record[ ]" or transcript, which, Plaintiff contends prevents his current attorney from preparing an adequate appellate brief. (Doc. 2 at 4; Doc. 7, ans. 4.) Plaintiff requests compensatory damages for his unlawful confinement, lost wages, and pain and suffering. (Doc. 2 at 4; Doc. 7, ans. 5.)

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are

held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint should be dismissed as frivolous.

A.  *Heck v. Humphrey* **Doctrine**

The claims against Plaintiff's defense attorneys and the court reporter are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). A ruling in Plaintiff's favor on the various claims pled against his defense attorneys "would necessarily imply the invalidity of his conviction." *Id.* at 487; *see also Wilson v. Nash*, 115 Fed. Appx. 295, 295 (5th Cir. 2004) (unpublished *per curiam*) (affirming dismissal of claim against defense attorney under *Heck*). Likewise, Plaintiff's claim that the court reporter prepared an inaccurate trial transcript, thereby interfering with his right to appeal, also undermines the validity of his conviction. *See Penley v. Collin County, Tex.*, 446 F.3d 572, 573 (5th Cir. 2006) (*per curiam*) (suit against court report and other county officials for destroying DNA evidence implicated validity of conviction under *Heck*); *see also Mims v. Anderson*, 350 Fed. Appx. 351, 352 (11th Cir. 2009) (unpublished *per curiam*) (claim that court reporter failed to attach exhibits to trial transcript, "sabotag[ing]" constitutional right to appeal, pertained to validity of conviction under *Heck*); *Holmes v. Garcia*, 101 F.3d 697, 1996 WL 661136, *1 (5th Cir. 1996) (unpublished *per curiam*) (claim that district attorney and court reporter altered statement of facts of criminal trial implicated validity of plaintiff's conviction under *Heck*).

Under *Heck v. Humphrey*,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

>  make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487. "The policy undergirding the favorable termination rule is based on 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006) (quoting *Heck*, 512 U.S. at 486).

Here, Plaintiff cannot satisfy the *Heck* favorable termination requirement. As noted above, Plaintiff's direct criminal appeal is presently abated pending hearings in the trial court to resolve alleged errors and omissions in the court reporter's record. (*See also* Doc. 7, ans. 2.) Therefore, unless and until his conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal writ of habeas corpus, Plaintiff cannot maintain a civil action for damages seeking to undermine his conviction. *Heck*, 512 U.S. at 488-89.

**B.    Defense Attorneys**

*Heck* notwithstanding, Plaintiff's claims against his former defense attorneys for acts and omissions before, during, and after the criminal trial cannot support a cause of action under section 1983. To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney, however, does not act under color of state law in representing a

defendant in a criminal case. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defender does not act under color of state law when performing lawyer's traditional functions in representing defendant in criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (court appointed attorneys are not official state actors). Therefore, Plaintiff cannot sue his former defense attorneys under section 1983 because their acts or omissions did not occur under color of state law.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

SIGNED September 8, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).